HORACE R. HALL AND ANOTHER vs. WILLIAM B. BROWN.

In an action on the statute (Rev. Stat., tit. 6, § 44,) to recover treble the value of property feloniously taken, in which the defendant testified as a witness and

Hall *v.* Brown.

denied the theft, the judge charged the jury that they should first weigh the evidence without considering the testimony of the defendant, and if on this evidence they found the defendant guilty of the theft, they ought not upon the whole case to attach to his testimony the weight of that of a full credible witness. Held to be erroneous.

The crime of theft can be proved against a witness, for the purpose of affecting the credibility of his testimony, only by the record of his conviction.

All the rules of evidence applicable to ordinary civil actions are applicable to such an action.

Although it may be a rule which jurors should apply, that all the evidence is to be reconciled if it can be, and perjury not imputed except where the inference is unavoidable, yet it is no part of the duty of a judge to lay down this rule to the jury as a rule of law, and it is no error to omit so to charge the jury where requested.

In an action to recover treble value for stolen goods, in which the defendant denied that the goods were taken feloniously, the plaintiffs offered evidence to prove that sundry other articles not described in the declaration, and which were found with the goods described in the defendant's possession, were their property, and had been taken from their store clandestinely. Held, that the evidence was admissible as tending to prove the intent with which the goods charged in the declaration were taken.

ACTION for feloniously taking and carrying away a quantity of dry goods, brought upon the statute, (Rev. Stat., tit. 6, § 44,) which provides that every person who shall feloniously take the property of another " shall forfeit and pay to the owner of the property so stolen treble the value thereof, to be recovered by action founded on this statute." The case was tried to the jury in the superior court, on the general issue, before *Dutton, J.*

On the trial the plaintiffs offered evidence to prove that they kept a store as partners in the town of Westerly in the state of Rhode Island ; that previously to finding the goods in question in the possession of the defendant they had at various times missed goods from their store ; that they procured a search warrant for the purpose of searching the house where the defendant lived, and that upon such search warrant the house was searched and the articles described in the declaration found in the defendant's possession ; and that the articles so found were their property and had been taken from their store in a clandestine manner. It appeared that the defendant was an unmarried man, living with his father in a dwelling house

occupied by the latter. The plaintiffs, for the purpose of proving that the articles in question were stolen from their store, offered evidence to show that certain other articles not described in the declaration, and which were found at the same time in the defendant's possession in proximity with the articles described, were their property, and had been clandestinely taken from their store, but did not claim to recover for these articles. The defendant's counsel objected to this evidence, but the court admitted it as tending to prove that the articles described in the declaration were feloniously taken.

The defendant offered himself as a witness, and as such denied the theft, and claimed to have procured some of the articles mentioned in the declaration, and some of the other articles, honestly, and denied all knowledge of the rest, and introduced other evidence in contradiction of the evidence offered by the plaintiffs. The defendant's counsel claimed in argument to the jury, that it was their duty if possible to reconcile the testimony, and not impute perjury to any of the witnesses if it could be avoided, and prayed the court so to instruct the jury. The plaintiffs' counsel did not deny the correctness of this claim. The court charged the jury that every person was presumed to be innocent until proved guilty, and that the plaintiffs were bound to prove to their satisfaction that the defendant was guilty of stealing the articles described in the declaration ; but did not give them any special instruction upon the point claimed by the defendant. The court further charged the jury as follows :—" This case partakes of the nature of both a civil and a criminal action. It is necessary for you to find the defendant guilty of the crime of theft to entitle the plaintiffs to recover. But it is in form a civil action. By the common law the defendant would not, even in this case, have been allowed to testify. But the statute of the state very properly gives him this privilege. Still, I deem it proper to say to you, that you should first weigh the evidence in the case without the testimony of the defendant, and if this is sufficient to make out a clear case of theft against the defendant, you ought not then to attach to his testimony the weight of that of a full credible witness."

Hall *v.* Brown.

The jury returned a verdict for the plaintiffs, and the defendant moved for a new trial.

*Wait* and *Pratt*, in support of the motion.

The evidence as to the articles not described in the declaration was inadmissible. Roscoe's Crim. Ev., 81; 1 Phill. Ev., (4th ed.,) 765; *Rex* v. *Birdseye*, 4 Car. & P., 386. The judge erred in not charging the jury that they should reconcile the evidence if possible. Swift's Ev., 145; 1 Phill. Ev., (4th ed.,) 713; *Johnson* v. *Scribner*, 6 Conn., 185. The suit was wholly a civil one, not partly civil and partly criminal. *Munson* v. *Atwood*, 30 Conn., 102. The court erred in charging the jury that the defendant was not a full credible witness and that his evidence was not entitled to full weight. The jury alone are to judge of the credibility of testimony. 1 Phill. Ev., (4th ed.,) 714; *Hoyt* v. *Sturges*, 28 Conn., 538.

*N. F. Dixon* and *Chadwick*, contra.

The evidence as to the other articles was properly received. Being found with the articles charged, they were presumably taken together, and therefore were taken in the same manner and with the same intent. 2 Russell on Crimes, 774; 1 Greenl. Ev., § 34; *Rex* v. *Ellis*, 6 Barn. & Cress., 145; *Rex* v. *Rooney*, 7 Car. & P., 517; *Rex* v. *Dunn*, Moody C. C., 146. The judge properly charged the jury that, in considering whether the theft was proved, the defendant's own denial, which would not have availed him upon a criminal prosecution for the theft, was to be laid out of the case, and that if they found the defendant guilty of the theft he was not entitled to full credit as a witness. Rev. Stat., tit. 1, § 141; *Cowles* v. *Bacon*, 21 Conn., 451. The remarks of a judge as to the weight of evidence constitute no ground for granting a new trial. 1 Swift Dig., 781; *Swift* v. *Stevens*, 8 Conn., 431.

SANFORD, J. The goods for which this action was brought were found in the defendant's possession, and with them, or, as the motion states, "in proximity with them," other goods

Hall *v.* Brown.

were found at the same time ; and the plaintiffs claimed that all these goods had been stolen by the defendant from their store. The defendant claimed that as to some of the articles sued for, and some of those not sued for, he had procured them honestly, and he denied all knowledge of the rest. To show that the goods sued for had been stolen, the plaintiffs offered evidence tending to prove that all the goods found belonged to them, and had been taken from their store clandestinely. The defendant objected to all evidence regarding the goods not sued for.

The main question in the case then was, whether the goods sued for had been stolen by the defendant or honestly obtained. Now, had it been agreed that all the goods found had been taken from the plaintiffs' store or had come into the defendant's possession at the same time, we suppose no doubt could have been entertained of the admissibility of the evidence objected to. But the fact that all the goods were found together was of itself persuasive evidence that they were *so* taken and *so* came *to* the defendant's hands, and in the absence of all evidence to the contrary it might have been satisfactory. And then, evidence of the clandestine taking of part of the goods so found would conduce to prove that they were all taken clandestinely.

Suppose a store had been burglariously entered and robbed of an entire stock of dry goods, and that all of the goods had been found in *A's* possession, but in an action for the treble value part of the goods so lost and found were by accident omitted from the declaration; and the question being whether the goods described in the declaration were stolen by *A*, or honestly obtained, might not the plaintiff give evidence to identify and prove his property in the goods not sued for, in connection with evidence that those goods, at any rate, were taken at the time of the burglary and by the party who committed it, as tending to show that the goods sued for were taken by the same party by means of the same burglary ? We think he might.

Secondly. The defendant claims that a new trial should be advised because of the judge's omission to charge the jury that

it was their duty to reconcile the testimony, and not impute perjury to any of the witnesses if it could be avoided. But there is no law which required the judge to give such charge, whether he was requested to do so or was not. The rule suggested is found in some treatises upon evidence, as one by which triers ought to be governed in their deliberations ; and properly understood it is a rule founded upon principles of reason and philosophy. But the omission of the judge to charge the jury with its observance as a rule of law, is not an error on account of which a new trial must be granted.

Jurors are, or ought to be, selected for their practical good sense, discrimination and sagacity, as well as for their integrity, and they are presumed capable of giving to the testimony legally laid before them the weight and force to which it is entitled, unhampered by artificial rules of law or logic, of which perhaps they may be ignorant. The relative credibility of the respective witnesses on the one side and on the other it is their peculiar province to determine. The judge may, undoubtedly, in every case make to the jury such remarks regarding the credibility of the witnesses, and the force and application of their testimony, as he may think called for by the circumstances of the case, or calculated to aid the jury in their deliberations ; and in doing so he may with propriety invite the special attention of the jury to such rules of interpretation and construction, or for the weighing of evidence, as in his opinion will conduce to a correct determination of the case submitted to them. But whether he shall do so or not is a question addressed to his discretion. And we feel justified in adding that in the case before us that discretion seems to us to have been well and wisely exercised.

Thirdly. The court did not charge the jury as the defendant's counsel claimed, " that this was partly a civil and partly a criminal case," but only that it " *partook of the nature* both of a civil and a criminal action ; " and that was clearly right. It is in form a civil action, and all the rules of evidence applicable in civil actions are applicable to this. *Munson* v. *Atwood*, 30 Conn., 102. But in order to entitle the plaintiff to a verdict he must prove the defendant guilty, not merely of

a trespass, but of a felonious taking also ; and thus the case was with entire propriety and accuracy of language said to partake of the nature of a civil and criminal action both.

Upon the last question presented by the motion we think the learned judge mistook the law.

Before the passing of the act of 1848, the mode in which the credibility of a witness might be attacked was entirely settled. His general reputation for truth might be proved, but it could not be proved that he had spoken falsely, or even that he had testified falsely, in a particular instance, or that he had in fact committed any crime however infamous. Then came the statute of 1848, which provides that no person shall be disqualified as a witness by reason of his interest in the event of the suit as a party or otherwise, or by reason of his conviction of a crime, but such interest or conviction may be shown for the purpose of affecting his credit. Rev. Stat., tit. 1, § 141. The statute therefore authorizes no other mode of proving a witness unworthy of credit because of his presumed insensibility to the obligations of an oath, as evidenced by his commission of an infamous crime, but the record of his conviction, because his conviction can be proved only by the record ; and we think the strictness of the rule is founded in the soundest reasons of justice and of policy. If the question of the witness' guilt or innocence of crime in fact, were permitted to be tried, issues would often be so greatly multiplied that the merits of the principal cause on trial would be lost sight of, and the rights of the litigating parties sacrificed. And it would also be doing great injustice to the witness to subject him to trial for crime in a case to which he was not a party. The common law therefore determined wisely when it excluded all evidence of the criminality of a witness except the record of his conviction. And we think the court ought not to depart from this wise and salutary rule any further than the plain import of the statute requires. The statute is an enabling or remedial one, and should be construed liberally in favor of the party for whose benefit it was made. It speaks only of persons who have been convicted of, not of those who have committed, crimes, and it provides that such conviction,

not such commission, may be shown to affect the credit of the witness. The statute therefore affords no authority for that part of the charge by which the jury were instructed to try the question of the defendant's guilt or innocence upon the evidence in the case exclusive of the defendant's testimony, for the purpose of determining the weight to which his testimony as a witness was entitled. It is true that in the case at bar one of the reasons upon which the common law rule is supposed to stand seems inapplicable, because the witness is himself the party litigant, and the crime charged for the purpose of discrediting his testimony is the same as that for which the plaintiffs claim compensation in the action on trial. But we think it wise to adhere to the general rule in every case alike. If in this case the plaintiffs' claim had been that the defendant had committed perjury, or any felony other than the particular theft charged in the declaration, the injustice as well as the impolicy and inconvenience of allowing the plaintiffs for any purpose to sustain their claim by any other evidence than the record of conviction, would have been strikingly apparent.

We think also that the charge on this point was wrong because it required the jury to try the defendant for the crime charged in the declaration in the first instance, unaided by the defendant's testimony, thus depriving the defendant of its benefit upon that issue absolutely, and practically upon the main issue afterwards to be decided also. For though we do not understand the judge to say that the defendant's testimony should be laid entirely out of the case, if the jury in the first instance should find him guilty of the theft, yet we all know that that would be the practical effect of such a finding, or, at any rate, that the jury having found the defendant guilty for one purpose, could not easily be induced to find him innocent for another, even if they considered his testimony. And so the defendant would be tried by prejudiced jurors, and, in effect, be also deprived of evidence to which he was by law entitled.

If it be said that the plaintiffs' evidence was not introduced for the purpose of impeaching or discrediting the witness, the answer is, that no distinct independent issue upon that sub-

ject should have been presented at that time to the jury. The whole case should have been submitted to the determination of the jury, with instructions to give to the testimony of each of the witnesses the weight to which it was in their judgment, upon all the evidence before them, entitled.

In another aspect also we think this direction wrong. In practice and upon principle, the credibility of a witness is to be attacked by impeaching testimony, only after his own testimony has been given. So that, upon the question whether he is entitled to belief or not, his own testimony, as well as the manner in which it was delivered, his personal appearance, and the probability of his story, always have and ought to have great influence. But in this case the jury were directed to lay the defendant's testimony entirely out of view, and to decide the question of his credibility without giving to that testimony any consideration whatever.

Upon this last point therefore we think the jury were misdirected, and we advise that a new trial should be granted.

In this opinion the other judges concurred; except DUTTON, J., who having tried the case in the court below did not sit.