RABER *v.* JONES ET AL.

MUTUAL INSURANCE COMPANY.—*Personal Liability of Directors.* — *Statute Construed.*—The forty-eighth section of the act in reference to mutual fire insurance companies (1 G. & H. 396) is in the nature of a penal statute, and only makes the directors personally liable where there has been a judgment recovered on a policy made by the corporation.

SAME.—If a person holding a claim upon a policy of insurance receives a promissory note of the insurance company in settlement of the claim, and either releases the claim upon the policy, or elects to take judgment upon the note instead of upon the policy, he cannot afterward enforce the personal remedy provided by the statute against the directors.

SAME.—*Pleading.*—In an action to enforce such remedy, the complaint must show that the judgment was obtained upon a policy made by the insurance company.

PRACTICE.—*Arrest of Judgment.*—The arrest of a judgment ends the case, and there should not be any judgment for the defendant. Each party pays his own costs, and the plaintiff is at liberty to proceed *de novo*.

APPEAL from the Marion Circuit Court.

WORDEN, J.—Complaint by the appellant against the appellees, alleging the following facts: That the defendants were, on the 6th day of February, 1867, and for more than thirty days thereafter, the board of directors of the Farmers and Merchants' Insurance Company of Indianapolis, a corporation organized in pursuance of a statute of the State of Indiana, entitled "an act for the incorporation of insurance companies, defining their powers and prescribing their du-

Raber *v.* Jones *et al.*

ties," approved June 17th, 1852, and doing business in the county of Marion, and State of Indiana; that on the — day of ——, 1865, the said insurance company became indebted to the plaintiff in the sum of one thousand dollars, being the amount of loss incurred by him in the destruction of a barn by fire in the month of September, 1865, which barn was insured against loss by fire by the said company, by a policy of insurance, signed by the president and secretary of said company, in the sum of eleven hundred dollars; that thereafter, in the year 1865, the said insurance company, by its authorized agents, adjusted said loss of the plaintiff, and fixed the amount thereof at one thousand dollars, a portion of which amount, to wit, three hundred and fifty dollars, was afterward paid by said insurance company to the plaintiff, and for the residue of the claim, with the interest thereon, to wit, the sum of seven hundred dollars and fifteen cents, the plaintiff recovered a judgment against the said company, in the Court of Common Pleas of Marion county, in the State of Indiana, on the 6th day of February, 1867; that said company, neither at the time the judgment was rendered, nor at any time thereafter, had any goods or assets, except their premium notes and claims due the company, wherewith to satisfy said judgment, or any execution that might be issued thereon; that the defendants, being the board of directors of said company, neglected and refused to make any assessment, as they were authorized to do, and deliver the same to the treasurer of said company, for more than thirty days after the date of the rendition of said judgment; that any assessment that may have been made afterward by said board of directors was never delivered to the treasurer for collection, and that no part of any collections that may have been made after the rendition of the judgment was ever applied toward the satisfaction of said judgment, or any execution issued thereon; that on the 5th of April, 1867, the plaintiff caused an execution to be issued upon the judgment to the sheriff of the county, who having demanded property, and having made search there-

for, the defendant gave up no property to be taken in execution, and the sheriff found none within the county; and on the 14th of August, 1867, the sheriff returned the execution, indorsed, "no property found whereon to levy;" that the said board of directors never paid any part of the judgment or the execution issued thereon, by the application of any money or property of the company, or any part of the proceeds of any assessment made by them; that the judgment remains due and unpaid; by means whereof, etc.

The defendants answered by general denial; and the cause was submitted to a jury for trial, who returned a general verdict for the plaintiff, and the following answers to interrogatories propounded to them:

PLAINTIFF'S INTERROGATORIES.

"1st. Did not plaintiff sustain a loss by fire in the burning of his barn, hay, and grain, to the amount of two thousand dollars, which had been insured against fire in the Farmers and Merchants' Insurance Company of Indianapolis, by policy No. 1071? Answer. Yes.

"2d. Did not the said insurance company, on the 10th of December, 1865, adjust said loss with the plaintiff, and give him in settlement thereof the note of the company for one thousand dollars? Answer. Yes.

"3d. Did they not afterward take up said note and give him part cash therefor, and a new note payable to C. G. Dirlam, their agent, and by said agent indorsed to the plaintiff, for the balance, to wit, six hundred and sixty dollars and thirty-five cents? Answer. Yes.

"4th. Did not the plaintiff recover judgment against said Farmers and Merchants' Insurance Company, in the Common Pleas Court of Marion county, Indiana, on the 6th of February, 1867, for seven hundred dollars and fifteen cents and costs, on said last note? Answer. Yes.

"5th. Is not such judgment still unpaid? Answer. Yes.

"6th. Were not defendants directors of said insurance company at the time said judgment was rendered, and for sixty days thereafter? Answer. Yes.

Raber *v.* Jones *et al.*

"7th. Did they make an assessment to pay said judgment within thirty days after its rendition? Ans. No.

"8th. Did not an execution issue on such judgment on the 5th of April, 1867, and come to the hands of the sheriff of Marion county, and did he not return the same with the following indorsement thereon: 'Came to hand April 5th, 1867, at 3 o'clock, P. M., and I find no goods or chattels, lands or tenements, whereon to levy. August 14th, 1867. George W. Parker, Sheriff M. C. By Jott Elliott, Deputy?' Ans. Yes.

"9th. Did the plaintiff execute the written receipt offered in evidence upon the understanding that the company's note given for his loss by fire would be paid, and not in satisfaction of his claim against the company? Ans. Yes.

"10th. Did not the company, long after the execution of the receipt and pretended release, admit their liability to plaintiff for his loss by fire, under their contract of insurance? Ans. Yes."

DEFENDANTS' INTERROGATORIES.

"1st. Did not the destruction of Raber's barn, alleged in the complaint, occur in 1865? Ans. Yes.

"5th. Did not said company have more than seven hundred and fifty dollars worth of personal property in Marion county, beside their premium notes, on the 6th day of February, 1867, and for more than thirty days thereafter? if not, how much did the company have? Ans. Yes.

"6th. Was not the note upon which the judgment set forth in the complaint was rendered a note dated June 28th, 1866, payable one day after date to Charles G. Dirlam, and by him assigned to Louis Raber? Ans. Yes.

"7th. Did not Louis Raber accept a note from said company dated December 8th, 1865, payable March 1st, 1866, for his loss, and on said 8th day of December, 1865, execute a writing containing the following stipulation: 'And the said company is hereby discharged from all further claims on account of said fire?' Ans. Yes."

The jury being unable to agree upon answers to the sec-

ond, third, and fourth interrogatories propounded by the defendants, were discharged without returning any answers thereto. The defendants moved for a *venire de novo* on this ground, but the motion was overruled because, we infer, the objection was not made before the jury was discharged.

The plaintiff moved for judgment in his favor on the verdict and answers of the jury, but the motion was overruled; and he excepted.

The defendants moved in arrest of judgment because the complaint did not state facts sufficient to constitute a cause of action, and this motion was sustained, and the plaintiff excepted. Judgment was then rendered that the plaintiff take nothing by his writ, and that the defendants recover of him their costs, etc. Exceptions.

The forty-eighth section of the statute mentioned in the complaint, 1 G. & H. 396, provides, that "whenever sufficient goods or estate of any such corporation cannot be found to satisfy an execution issued against them upon a judgment recovered on a policy by them made, and the said corporation have goods or estate to satisfy such execution, and the directors shall neglect or refuse to pay the same, or if the directors shall for thirty days after the rendition of such judgment, refuse or neglect to make such an assessment as they may be authorized to make therefor, and to deliver the same to the treasurer for collection, or fail to apply such assessment, when collected, toward satisfying such execution; then, in either of the cases aforesaid, the directors shall be personally liable for the whole amount of said execution."

The statute quoted, it will be seen, makes the directors liable personally, in the cases therein provided for, only where there has been a judgment recovered on a policy made by the corporation. This is in the nature of a penal statute, inflicting upon the directors the penalty of personal liability for a failure to pay the execution in the cases provided for, or to make and properly apply an assessment as provided for. It must, therefore, be construed with some

Raber *v.* Jones *et al.*

degree of strictness, and cannot be extended beyond the cases fairly within its terms, in order to meet those that might be conceived to be within the spirit and object of the law. The legislature has provided the personal remedy against the directors only in cases where there has been a judgment against the corporation on a policy, and the courts cannot extend the remedy to cases where a judgment has been recovered on something else than a policy. To do so would be virtually creating a new statute, under the color of construing the one enacted by the legislature.

The answers of the jury to the interrogatories render it entirely clear that the judgment against the company, mentioned in the complaint, was rendered upon a note, and not upon a policy.

If the claim of the plaintiff against the corporation, on the policy, was released or extinguished by the taking of the note and the execution of the discharge mentioned in the seventh interrogatory propounded by the defendants, although upon the "understanding" mentioned in the plaintiff's ninth interrogatory, his right of action, on the policy, was gone, and his sole remedy against the corporation was upon the note. If, on the other hand, his claim on the policy was not thus released or extinguished, and if he might still have brought his action upon the policy, he elected not to do so, but chose to bring it upon the note. He, therefore, does not bring his case within the terms of the statute, and is not entitled to the remedy provided for against the directors.

The complaint does not aver that the judgment against the corporation was recovered upon the policy. It is a clear principle of pleading, that in declaring upon a statute, the averments must be sufficient to bring the case within the statute. The complaint was, therefore, radically defective, in not stating facts sufficient to constitute a cause of action, and the court properly arrested the judgment.

When the judgment was arrested, however, there should have been an end of the case. No judgment for the defendant should have followed. The arrest of judgment ends the

case.   Each party pays his own costs, and the plaintiff is at liberty to proceed *de novo* in a fresh action.   3 Bl. Com. 393, note *u.*

The order below arresting the judgment is affirmed; but the subsequent judgment is reversed, with costs, and the cause remanded, with instructions to the court below to strike the case from the docket.

*L. Barbour* and *C. P. Jacobs,* for appellant.

*J. T. Dye,* and *A. C. Harris,* for appellees.