TIMOTHY H. FOSTER AND ANOTHER *vs.* ELIZABETH BALMFORTH.

The defendant had accepted sundry orders drawn on her by a contractor who was building a house for her. In a suit brought upon an accepted order the question was whether she had accepted it conditionally or absolutely. It appeared that in accepting it she had said to the payee that she must accept it conditionally as she had the orders of the other creditors. Held that this was a conditional acceptance, without reference to the question whether she had in fact, or had not, accepted the other orders conditionally.

The defendant testified that her acceptance was conditioned upon her owing the builder, and offered in evidence her contract with him. Held that, upon her claim as to the conditional character of her acceptance, the contract might be admissible as showing the amount which she was to pay the builder and the terms of payment; but that, upon the plaintiff's claim that the acceptance was absolute, and upon a declaration describing it as absolute, the evidence was not admissible.

Held however that if inadmissible, its admission was not important enough to be made a ground for granting a new trial.

ASSUMPSIT, upon an acceptance of an order; brought to the Superior Court in Fairfield County, and tried to the court, before *Beardsley, J.* Judgment for the defendant, and motion for a new trial by the plaintiffs. The case is sufficiently stated in the opinion.

*W. F. Taylor* and *W. Burke,* in support of the motion.

*L. D. Brewster,* contra.

CARPENTER, J. This is an action on an order drawn by C. J. Seaman on the defendant, payable to the plaintiffs, and accepted by the defendant by writing upon it the word "Accepted," with her signature. The principal question on the trial was whether the acceptance was conditional or absolute. The defendant testified that when the order was presented for acceptance she stated "that she must accept this conditionally as she had the orders of the other creditors." The plaintiffs thereupon offered to prove that the orders of the other creditors were not in point of fact accepted conditionally. This evidence was objected to by the defendant and excluded by the court. The motion for a new trial presents this as the first question.

The matter of accepting other orders was not pertinent to the issue and the reference to it by the witness did not make it material. The acceptance of each order was an independent transaction and had no relation to any other acceptance. What the defendant did and said at the time she accepted one order could not tend to prove what she said and did when accepting another. The material inquiry was, how was the order sued on accepted? To introduce on the trial an inquiry in relation to other orders would raise as many distinct and independent issues as there were orders, and would tend to divert the mind of the trier from the real issue without subserving any useful purpose.

It will be remembered that the witness is testifying to what she told the plaintiffs' agent at the time she accepted the order—"I must accept this order conditionally as I have the orders of the other creditors." Admitting that she was mistaken in respect to other orders, or even that she intentionally stated what was not true, still, if she actually said it, the vital fact remains that this order was accepted conditionally, or at least that she said at the time she would only accept it conditionally. The reason which she then gave for it, true or otherwise, sufficient or insufficient, is wholly immaterial. If not true the offer to prove it was an attempt to impeach the witness by showing that she had uttered a falsehood out of court in a single instance, and in respect to an immaterial matter; which is never allowable.

The defendant further testified that the condition was, that whatever was due Seaman on his contract for building a house when the house was completed she would pay to his creditors. In connection with this she offered in evidence the written contract between herself and Seaman for building the house, to which the plaintiffs objected, but the court admitted it.

Had the declaration been framed upon a conditional acceptance, such as was proved in this case, this evidence would have been admissible as tending to prove or disprove a compliance with the condition. As the declaration stands, and upon the plaintiffs' theory of the facts, the evidence was not required, and strictly speaking was not admissible. But upon

the defendant's theory—that her liability depended upon her indebtedness to Seaman—it would have some bearing as tending to show the equities of the case, and, irrespective of any technical question of pleading, might have been admissible. It was in fact admitted " as bearing on the question of the consideration of the acceptance." By this we understand, not that the defendant was permitted to prove a want of consideration for the acceptance and to avoid her liability on that ground, but she was permitted to show the business relations subsisting between herself and Seaman as a part of the circumstances connected with the acceptance, and in which it originated. The object doubtless was to show that the contingency upon which, according to her claim, the acceptance was to take effect, had never happened, and therefore that she had an equitable as well as legal and technical defense.

In this view of the case we cannot say that the evidence was improperly received. At all events we think there is not enough in this question to justify us in granting a new trial.

In this opinion the other judges concurred.