## Ernest C. Jacobs vs. Emma Street.

Third Judicial District, New Haven, June Term, 1920.
Prentice, C. J., Wheeler, Beach, Gager and Case, Js.

A wrong reason for a right ruling is immaterial; and therefore the action of a trial court in setting aside a verdict upon an erroneous ground, will not be disturbed, if it appears upon the record that for other reasons the verdict was one which the jury could not properly have reached.

A finding by the jury of the value of property sold, in a verdict which the court refused to receive because of such irregularity, does not become a part of the case and cannot be used by the court for any purpose.

A failure of consideration in whole or in part is a good defense, complete or partial, in an action for the price of property sold, or to an action upon a note given for such price.

Damages for breach of warranty respecting the quality or condition of property sold, is measured by the difference between its actual value at the time of delivery and what it would have been worth had it answered to the warranty.

The evidence in the present case bearing upon the damage to the defendant through the breach of warranty, reviewed, and *held* insufficient to warrant a verdict for the defendant; and that for this reason the action of the trial court in setting aside the verdict must be sustained.

Argued June 3d—decided July 20th, 1920.

ACTION to recover the amount of several promissory notes representing the unpaid portion of the purchase price of a second-hand automobile, with an additional count for labor and materials furnished, brought to the Court of Common Pleas in New Haven County and tried to the jury before *Wolfe, J.;* verdict for the defendant, which the court, upon motion of the plaintiff, set aside, and from this decision the defendant appealed. *No error.*

*Charles S. Hamilton,* for the appellant (defendant).

*Ward Church*, for the appellee (plaintiff).

WHEELER, J.   The defendant purchased from the plaintiff a second-hand automobile for $375, paying for the same by giving to the plaintiff $100 in cash and negotiable promissory notes, five for $50 each, and one for $25.   One of these notes was subsequently paid, leaving four notes for $50 each, and one for $25, unpaid.   This action was brought on five counts to recover on these five notes, and on a sixth count to recover for repairs made on the automobile subsequent to its purchase.   The allegations of the count for the repairs, amounting to $30, were not denied, and hence admitted under the rules.   The allegations of the other counts were not denied, and hence were admitted.

The sole defense to the counts on the notes was that they were given in part consideration for an automobile purchased by the defendant of the plaintiff, and that the plaintiff warranted the automobile to be in good running and usable condition and free from all defects, when in fact it was not, in the particulars specifically set forth in this defense.

The jury rendered its verdict for the defendant; the trial court set aside the verdict and the defendant appealed.   The reason for the court's action, as expressed in the memorandum of decision, was not insufficient evidence of the warranty or of its breach, but because the damages were improperly assessed, in that they failed to include the item of $30 for repairs, admitted upon the record to be due.   The court also expressed grave doubt as to the proof being otherwise sufficient to justify the damages assessed for the breach.

The memorandum of decision accepts the finding of the jury in the verdict first reported, "Value of the car at the time of sale $150," as conclusive that this finding was controlled by the fact that defendant had paid to

plaintiff this exact sum and therefore the jury had found the damages for the breach of warranty to be the difference between this sum and the purchase price, and had entirely ignored the admitted element of $30 for repairs made.

The argument is not sound. It is conceded that the failure, in whole or part, of the consideration, was a good defense in whole or part to the action on the notes. *Pulsifer* v. *Hotchkiss*, 12 Conn. 234, 241; *Bunnell* v. *Butler*, 23 Conn. 65, 68. It is likewise conceded that the measure of damages for breach of warranty in this case is the difference between the value of the automobile at the time of delivery, and its value if it answered to the warranty. Sales Act, General Statutes, § 4735. There was evidence before the jury from which they might reasonably have found the breach of warranty substantially as alleged, and also that the value of the automobile, had it met the warranty, would have been worth at least the purchase price, $375. Had the testimony of Davis, the only witness testifying for the defendant upon this point, placed the value of the automobile at from $100 to $125,—and he did in fact so testify—this value, added to the $30 paid out for repairs, would either exceed or nearly equal the amount paid in by the defendant. Hence the verdict must have been sustained. Practically the entire argument of the trial court rests upon its assumption that the verdict was controlled by the fact incorporated in the first verdict. The first verdict was not accepted by the court. The jury were returned for the purpose of rendering a verdict free from this irregularity and in due form. The finding in the first verdict never became a part of the case and could not be used by the court for any purpose.

The action of the trial court in setting aside the verdict was right, although the reason given was not.

The only testimony as to the value of the automobile was that of Davis, and his estimate of from $100 to $125 was based upon its condition fifteen months after delivery. He also testified to the obvious fact that, standing unused for that time, it would deteriorate and lessen in value. His estimate was therefore not one upon which a verdict could rest. But Davis also testified that $150 would put the car in "A No. 1 condition and fit to run"; and this is the only definite testimony measuring the damage to the defendant through the breach of warranty. Since $150 was the maximum of damage the defendant proved and the balance of the purchase price was $225, there was, upon the defendant's own showing, $75 due the plaintiff upon the purchase price and, in addition, the $30 for repairs made. Taking the defendant's testimony at its highest value, the plaintiff was entitled to a verdict of $105, and the court was right in setting aside the verdict for the defendant.

There is no error.

In this opinion the other judges concurred.