JOHN W. GRECO *vs.* EDWARD J. KEENAN.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, JS.

Argued April 8th—decided June 21st, 1932.

*Robert J. Woodruff,* with whom, on the brief, was *Louis Shafer,* for the appellant (defendant).

*Louis Sperandeo,* for the appellee (plaintiff).

PER CURIAM. The complaint originally sought recovery upon a note, but a second count was later added based upon a failure to pay rent claimed to be due the plaintiff for a certain garage. The defendant, besides answering the complaint, filed a counterclaim, seeking in one count damages for wrongful eviction from the garage and in another damages for the loss of personal property which he claimed the plaintiff withheld from him. The jury returned a verdict as follows: "In this case the jury finds the issues for the defendant." The plaintiff filed a motion in arrest of judgment and also a motion to set the verdict aside, because it was against the evidence and because it was not a determination of the issues in the case. The trial court granted both motions. The verdict was plainly defective in that it failed to dispose of the issues in the case in view of those raised by the counterclaim. The mo-

tion in arrest of judgment was properly granted. *Smith* v. *Raymond,* 1 Day, 189, 192; 3 Blackstone, Commentaries, p. 393; 2 Standard Encyclopedia of Procedure, p. 1027. It is sometimes said that at common law the granting of a motion in arrest of judgment ended the case, without, however, preventing the bringing of a new action upon the same cause. *Raber* v. *Jones,* 40 Ind. 436, 441. But that rule, if ever in force in this State, was early abandoned here. Thus, in *Hamilton* v. *Pease,* 38 Conn. 115, 120, we said: "Strictly speaking, motions in arrest of judgment are for matters appearing upon the record, and if sustained judgment is arrested and a repleader is awarded or the record is amended." Nor would such a rule accord with our modern practice which does not favor the termination of proceedings without a determination of the merits of the controversy where that can be brought about with due regard to necessary rules of procedure; General Statutes, § 5536; and which discourages multiplicity of actions. Where, therefore, a motion in arrest of judgment is granted, it should be followed by an appropriate order to place the case in a situation to be disposed of upon its merits. Where, as here, the basis of the motion in arrest is a defective verdict, proper procedure requires that upon granting it the verdict should be set aside. The trial court therefore properly granted the motion to set aside the verdict in this case, and, that being so, it is not necessary to consider whether it was right in placing its ruling upon the ground that the verdict was against the evidence. *Jacobs* v. *Street,* 95 Conn. 248, 110 Atl. 843.

There is no error.