JULIA COLE, APPELLANT, v. JACK EPSTEIN, RE-
SPONDENT.

Submitted February 11, 1938—Decided April 29, 1938.

For the appellant, *Aaron Lasser.*

For the respondent, *Harry Kay.*

The opinion of the court was delivered by

PARKER, J. The only claim of error that is cognizable on this appeal is that the verdict for the defendant on the counter-claim generally, and without any finding of money damages, was legal error because incomplete.

The complaint was in two counts, the first for goods sold and delivered, and the second for commissions. The answer set up some thirty or more defenses, none of which need be stated here. There was a counter-claim in three parts, the first for $144.83 money had and received, the second claiming a lien on certain personal property, and the third for damages caused by defective work done by plaintiff.

On this record the cause went to trial, at the conclusion of which the judge delivered a charge to which no exception seems to have been taken, and the jury returned the following verdict: "We, the jury in the case of Julia Cole, plaintiff, v. Jack Epstein, defendant, find that the plaintiff has

no cause for action. In the matter of the counter-claim, we, the jury, find for defendant, Jack Epstein, and our verdict is that he shall not be held liable for the storage charges, cartage charges, &c., as set forth in the complaint."

The *postea* followed this language, and judgment was entered "in favor of defendant and against the plaintiff, on the complaint; and in favor of defendant and against the plaintiff on the counter-claim, with costs to be taxed *nisi."*

The incompleteness of the verdict seems plain; and if defendant had taken the present appeal because no damages had been found on his counter-claim, the case would be similar in principle to *Middleton* v. *Quigley,* 12 *N. J. L.* 352, where Quigley, plaintiff in replevin, filed two pleas to defend-.ant's avowry, one being a plea of *non tenuit.* The jury found in Quigley's favor; but on Middleton's writ of error the Supreme Court reversed on the ground that the verdict did not cover the issue raised by the plea of *non tenuit,* and without this the judgment could not stand.

The recent case of *Isenberg Co.* v. *Kent,* 7 *N. J. Mis. R.* 1089 (1929), closely resembles the case at bar. It was a suit for balance of a contract price. The defendant counterclaimed for more than plaintiff's claim and demanded the balance. The jury found "in favor of the defendant;" and on rule to show cause, he insisted that the jury meant to award him the balance claimed by him. The Supreme Court held that it was consistent with a finding that one claim balanced the other. This, of course, was a decision on the merits of a rule to show cause for a new trial, held by the party aggrieved; and resisted by the plaintiff.

In the present case the plaintiff attacks a verdict against him on the counter-claim, because it does not contain an award of damages. The defendant does not complain. It may well be conceded for present purposes that the trial court would have power to award a new trial of the counterclaim on damages only, as was done in *Rossman* v. *Newbon,* 112 *N. J. L.* 261, and even on plaintiff's application. This was the action taken in the Connecticut case of *Greco* v. *Keenan,* 161 *Atl. Rep.* 100, where the trial court arrested

judgment for the defendant at plaintiff's instance, and granted a new trial, apparently on weight of evidence. The Supreme Court of Errors held that the action of the trial court was not erroneous. But on an appeal tantamount to a common law writ of error, it is fundamental that the judgment will not be reversed if the error alleged is not harmful or prejudicial to the appellant. *Graham* v. *Whitely,* 26 *N. J. L.* 254, 258; *McDonald* v. *Henry Becker & Son,* 110 *Id.* 535, and numerous other cases.

Assuming, therefore, the existence of technical error in the verdict, we are unable to see that plaintiff was injured thereby; and consequently no proper ground for reversal is presented on this appeal. The judgment is therefore affirmed.

*For reversal*—None.

*For reversal as to defendant's counter-claim*—CASE, J. 1.