ALICE M. RYAN *v.* JACOB H. KATZ.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, JS.

Argued April 2—decided April 16, 1940.

*Robert J. Woodruff,* with whom, on the brief, was *Arthur Klein,* for the appellant (defendant).

*Franklin Coeller,* for the appellee (plaintiff).

MALTBIE, C. J. The plaintiff alleged that her grandmother loaned to the defendant personally the sum of $500, and as evidence of said loan the defendant gave her a note payable to the plaintiff in the sum of $500; that the defendant caused the note to be signed "The Katz & Mullen Co., Trustee by Jacob H. Katz Presi-

dent" but there never was any legal entity in manner and form as that signature would indicate, but, instead, the entity described in the signature was the defendant; and that there was a balance due on the note, together with all interest on the sum of $500. The court has found that on August 23, 1938, $450 was given by the grandmother to the defendant personally, for him to invest in a mortgage for the plaintiff and upon his assurance that he would do so; that thereafter the grandmother repeatedly asked the defendant for the mortgage and note and some four or five months after he received the money he gave her the note in question, signed as alleged in the complaint; and that The Katz & Mullen Co., Trustee, was in reality the defendant. Under these circumstances the plaintiff was entitled to recover against the defendant personally upon the note, and judgment to that effect would not be a departure from the case set up in the complaint. *Chesnut-Hill Reservoir Co.* v. *Chase*, 14 Conn. 123, 129.

Although the face of the note was $500, the plaintiff was only entitled to recover upon it the actual amount of money paid to Katz. *Contino* v. *Turello*, 101 Conn. 555, 561, 126 Atl. 725; *Kruzansky* v. *Scombul*, 113 Conn. 569, 572, 155 Atl. 836; *Darnell* v. *Williams*, 2 Starkie 166. Under the Negotiable Instruments Law, partial failure of consideration for a note is a defense pro tanto. General Statutes, § 4345; *Jacobs* v. *Street*, 95 Conn. 248, 250, 110 Atl. 843. From this it would follow that if the face of the note exceeds the amount actually paid, recovery as between the parties must be limited to that amount. *Southall* v. *Rigg*, 11 C. B. 481, 492. The finding states that the defendant paid $212 on account and that after the last payment the amount remaining due was $288. From this it would appear that the trial court, in determining the dam-

ages to be awarded, deducted $212 from the face of the note and not from the sum actually paid to the defendant. The judgment for $327.35 shows unmistakably that the court added to the sum of $288 interest only from the date of the last payment, November 20, 1936. If, as it should have done, it had given judgment based on the sum paid the defendant, with interest on the sums due before that date, even with due regard to the partial payments made, the damages awarded the plaintiff would have considerably exceeded the amount actually found due. The judgment was too small and, as the plaintiff makes no complaint of it, it must stand. *Judd* v. *Coe & Co., Inc.,* 117 Conn. 510, 513, 169 Atl. 270.

The defendant cannot claim any estoppel against the plaintiff from asserting her rights under the note, as the defendant was in no way misled to his disadvantage by the acceptance of the note in the form in which it was made. The ruling of the court admitting the note in evidence was, of course, correct. The defendant having on cross-examination been asked, without objection, whether he had committed perjury in a certain trial and denied it, the subsequent further cross-examination in regard to the matter did not exceed the limits of a permissible discretion in the trial court. *State* v. *Ferguson,* 71 Conn. 227, 232, 41 Atl. 769; *Spiro* v. *Nitkin,* 72 Conn. 202, 205, 44 Atl. 13; *Shailer* v. *Bullock,* 78 Conn. 65, 69, 61 Atl. 65; *State* v. *Palko,* 121 Conn. 669, 677, 186 Atl. 657. The other rulings on evidence assigned as error do not merit discussion.

There is no error.

In this opinion the other judges concurred.