Benjamin C. Simons *v.* Frank Scirocco et al.

Maltbie, C. J., Avery, Brown, Jennings and Ells, Js.

Argued June 6—decided July 25, 1940.

*Louis Feinmark,* with whom was *M. Edward Klebanoff,* for the appellant (plaintiff).

*Cornelius J. Danaher,* for the appellees (defendants *Pickhardt, Pitel* and *Jassee*).

*Domenic W. Cellotto,* for the appellee (defendant Maria Landino).

ELLS, J. The trial court found the following facts. The defendant Reginald Pickhardt had embezzled a large sum of money from his employer. He agreed to secure substantial indorsers for a note to cover his obligation. On or about February 3, 1937, the plaintiff prepared a note for $5250, the amount of the loss as computed at that time, and gave it to Pickhardt for the purpose of having it indorsed. Soon thereafter Pickhardt returned it with the names William Hill, Frank Scirocco, Charles O. Pickhardt and J. Pitel indorsed thereon. The plaintiff questioned the financial responsibility of these indorsers. Pickhardt took the note away again, and returned with the name Charles A. Jassee indorsed thereon. On or about February 5th the plaintiff discovered that the indebtedness amounted to more than $5250; how much more he did not know. Pickhardt thereupon agreed to give another note, with proper indorsers, to cover the amount found to be in excess of the original calculation of $5250, and on February 5th gave one for $5250 for this purpose. This note had the names of Frank Scirocco and Maria Landino indorsed on it. The amount of the embezzlement was later found to be $6398. The trial court concluded that the defendants

Charles Pickhardt, J. Pitel and Charles Jassee did not in fact indorse the first note, and that their names appearing on it were forgeries, and that at no time did the plaintiff seek to obligate Scirocco and Landino on the second note for anything more than the amount by which the total indebtedness of R. Pickhardt exceeded $5250. Judgment was accordingly rendered in favor of the defendants Charles O. Pickhardt, Pitel, and Jassee, and in favor of the plaintiff against the defendant Scirocco for $6398.80, he having indorsed both notes, against Hill for $5250 on the first note, against Maria Landino for $1303.13 on the second note, and against the defendant R. Pickhardt for $6398.80, he being the maker of both notes. Interest was added in each instance.

The plaintiff's principal claim is that the court erred in finding that the defendants Charles Pickhardt, Pitel and Jassee did not indorse the first note, and that their names were forged. There is nothing in the record to indicate that the trial court did not properly and fairly weigh the evidence, pass upon the credibility of the witnesses and reach a justifiable conclusion. We state briefly a few of the factors which may well have had weight with the trial court. Reginald Pickhardt, who claimed to have secured the indorsements, did not appear as a witness. The defendant Charles Pickhardt is his father. He had had unfortunate and costly experience with his son. The court was entitled to believe that Reginald was and had been an accomplished forger, and had suffered imprisonment on that acount. The father positively denied having indorsed this note. He signed his name in court, and was subjected to long cross-examination. The defendant Pitel is a brother-in-law of Reginald Pickhardt. He testified positively that he did not indorse the note; he wrote his signature in court and he also submitted to a long

cross-examination. Under all the strange circumstances of this case we cannot say the court could not have believed Jassee. Plaintiff placed great reliance on his handwriting expert; apparently the trial court did not. Beyond all these considerations is the fact that the court saw and studied all the witnesses, an opportunity we do not have. Two other defendants claimed they did not knowingly sign, one because of claimed intoxication, but the court decided against them.

Various assignments of error raise the claim that the trial court erred in holding that the defendants C. Pickhardt, Pitel and Jassee did not have the burden of proving that their purported indorsements were forged. There is nothing in the finding to indicate that the court did so hold. The court specifically concluded that "the evidence of Charles O. Pickhardt, J. Pitel and Charles A. Jassee overcame the prima facie case of the plaintiff and established the fact that [their] alleged signatures were forged indorsements."

The only remaining claim requiring consideration is that the court erred in holding that the defendant Maria Landino was responsible only for the difference between the face amount of the note of February 3d and the amount owed to the plaintiff by the defendant Reginald Pickhardt, and that judgment ought to have been rendered for the full amount of the note, $5250. The court specifically found that the agreed purpose of the second note for $5250 was "to cover the amount found to be in excess of the original calculation" of the amount of the embezzlement and that the note "was made out, indorsed, and received by the plaintiff subsequent to the execution, indorsement and receipt by the plaintiff of [the first note], and was intended [only] to cover any additional indebtedness in excess of the original indebtedness fixed in [the first note]."

The plaintiff claims there is no evidence supporting the finding.

The plaintiff himself said he took the first note to cover the embezzlement, that he was not satisfied with the financial responsibility of the then apparent indorsers, and demanded and received a third indorsement, purporting to be that of a wealthy uncle, that he soon found the shortage to be in excess of $5250 and asked for another note, with indorsers. The trial court was quite warranted in concluding, from that and other testimony, that the second note was given only to cover any excess over $5250. The claim is made that the complaint supports a judgment only for the face amount of the note. The complaint is curiously drawn in that it sets up the second note in the first count and the first one in the second count. At the end of the second count it is stated that the two notes were for the purpose of restitution for certain shortages in accounts, and judgment is asked "in an amount sufficient to pay said shortage." This is sufficient to open the door to discovery of the real purpose of each note.

The second note was negotiable and if it had passed from the payee into the hands of holders in due course would have been "a courier without luggage, whose countenance is its passport." But this is an action by the payee, and the court must consider the subject matter; the reason for making it; the sense in which the parties mutually understood it at the time it was made. 7 Am. Jur. 815. The trial court did just that, and concluded, upon adequate evidence, that the note was given for the defalcation in excess of the amount of the first note, and that the present action was one for the face value of the first note and for such amount as might be found due on the second one. If the face of a negotiable promissory note exceeds the amount of

the debt it represents, recovery as between the parties must be limited to that amount. *Ryan* v. *Katz,* 126 Conn. 555, 12 Atl. (2d) 835.

The plaintiff contends that the receipt of the first note was not payment to the plaintiff of Pickhardt's obligation "even to the amount of the face of the note." That is true. *Ferrigino* v. *Keasbey,* 93 Conn. 445, 449, 106 Atl. 445. But it is not the question in issue here. We are concerned with the agreed purpose of the second note. That is a question of fact, and the court justifiably found it against the plaintiff.

There is no error.

In this opinion the other judges concurred.