[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO SET ASIDE AND VACATE DATED OCTOBER 13, 1992
This case comes to this court on the plaintiff, Ronald Wood's Motion to Set Aside and Vacate this court's previous order compelling him to make certain alimony payments to the defendant, Joan Wood. The plaintiff bases his motion on an alleged ex parte communication from the defendant's counsel to the court. The plaintiff's brief was filed December 27, 1993 and the defendant's brief was filed December 30, 1993.
The marriage between the plaintiff ex-husband and the defendant ex-wife, was dissolved on October 30, 1992 (Coppeto, J.). The plaintiff was ordered to pay alimony to the defendant provided that, inter alia, the defendant had not cohabited. The plaintiff subsequently suspected that his former wife was in fact, cohabitating with a Mr. Swensky. He thereupon ceased making alimony payments, prompting the defendant to submit to the court a Motion to Compel the plaintiff to make the alimony payments.
On September 13, 1993, a hearing was conducted before this CT Page 3823 court regarding several motions relating to whether alimony payments were due and payable, and whether the defendant had cohabitated, thereby relieving the plaintiff of the alimony obligation. Both parties submitted post-hearing briefs, and on September 20, 1993 the parties argued the law before this court.
At oral argument, defendant's counsel cited Taylor v. Taylor,17 Conn. App. 291 (1989) to the court and it was cited on page 4 of his September 4, 1993 brief. However, defendant's counsel apparently forgot to annex a copy of Taylor to his brief. The court therefore instructed defendant's counsel to send a copy of the case to the court. (Exactly what the court ordered has not been proven by any transcript copy).
In addition to a copy of Taylor, however, defendant's counsel included a cover letter identifying the proposition for which he had cited the case. (See letter attached hereto dated September 23, 1993). He sent a photocopy of both the case and the letter to opposing counsel and the clerk's office.
The plaintiff alleges that this letter constituted an improper ex parte communication, that warrants that the court set aside and vacate its prior ruling.
The plaintiff cites Spiro v. Nitkin, 72 Conn. 202 (1989), for the proposition that justice cannot allow improper ex parte communications. While this proposition per se is well-settled, plaintiff's reliance on it here is misplaced. The letter does not constitute an ex parte communication. "To permit the counsel upon one side of a case to argue it in the absence of his opponent, and without his knowledge, or notice to him, and without giving him an opportunity to reply" would indeed be improper. Spiro, 72 Conn. 202,203. Here, however, plaintiff did argue the law in the presence of both parties, had knowledge of the fact that his opponent cited Taylor, received notice of the case and letter being sent to the court, and had opportunity to reply to the letter.
The letter is dated September 23, 1993. Assume two days for receipt. This court decided the motion on October 5, 1993. Mr. Piazza had eleven days to have taken proper affirmative action addressing the contents of this letter. The plaintiff cannot sit on this letter and wait until he sees how he does before deciding to raise this issue. At best, he is guilty of laches and at worst he has unclean hands. CT Page 3824
The plaintiff also cites Koizim v. Koizim, 181 Conn. 492
(1980), wherein a telephone conversation between counsel and the judge was not found to be improper. Plaintiff submits that the Koizim holding was based on the fact that the merits of the pending motion was not discussed in the telephone conversation. He argues that because the merits of the motions pending in the present case were discussed in defendant's letter, the letter was improper. Again, the plaintiff's reliance is misplaced. The "motion" in Koizim was an application for an ex parte restraining order. "Such contact is required in order to obtain an ex parte restraining order". Koizim, 181 Conn. at 500. It does not necessarily follow that if the Koizim, communication was found to be proper because it did not discuss the merits of a pending motion, then all communications which do discuss the merits are improper.
Both sides note Black's Law Dictionary's definition of "ex parte".[1] Whereas opposing counsel received a copy of the letter, the letter was not ex parte within Black's definition.
Moreover, plaintiff bears the burden of proving that the letter was an improper ex parte communication by a fair preponderance of the evidence. Plaintiff's counsel has not provided evidence of this, and his arguments alone do not constitute evidence. Reilly v. State of Connecticut,32 Conn. Sup. 349 (1976). Plaintiff's counsel claims that the communication was prejudicial to the administration of justice, but provides no evidence to support this. Similarly, he claims that an appearance of impropriety was created. However, this is supported only by his own assertion that the communication appeared improper to him. Having previously admitted that the court was nothing but impartial, (see pg. 2 of plaintiff's December 27, 1993 brief.), he cannot logically claim that the letter "would reasonably lead one to question the judge's impartiality", which is the general standard regarding the appearance of impropriety. Dubaldo v. Dubaldo, 14 Conn. App. 645 (1988).
Assuming arguendo that the letter was ex parte, the remedy of setting aside the courts orders and conducting a new hearing is not warranted.
The letter was not prejudicial to the plaintiff. The "argument" which the plaintiff so strenuously objects to, did not occur for the first time in the letter. It occurred at oral argument, when plaintiff had the chance to reply. The letter merely provided and identified the case previously cited in court. CT Page 3825 A letter of this kind is practically necessary. Without it, the court would merely have received a copy of the case, and might very well not even know why. The letter was therefore not prejudicial, and does not violate Rule 8.4d of the Rules of Professional Conduct.
Even if the court were to find that this letter was an improper ex parte communication, plaintiff's motion would not be granted in these circumstances, because no prejudice was suffered by the plaintiff as a result of this letter. This court will not set aside the hearing on a claim of improper action of the defendant's counsel, not the defendant herself.
The defendant cited Taylor for the proposition that "cohabitation" requires both proof of a change in the financial circumstances of the parties, and a dwelling together of man and woman in the same place in the manner of husband and wife. This proposition comes from a combination of case law and C.G.S. 46b-86. It is not some novel argument, which without the defendant's letter, the court would not have recognized. This is the well-settled law in Connecticut. This court relied not only on Taylor but upon Wolk v. Wolk, 191 Conn. 328, 332 (2983) and Elsom v. Elsom, (see decision attached hereto dated October 5, 1993) which was cited for the same proposition. The same result would have been reached whether or not Taylor was cited. (See this court's decision in Elsom attached hereto.)
This court follows and reaffirms the law in Connecticut, that in order for cohabitation to be found, in this case, so as to relieve the former spouse from the obligation of alimony payments, there must be proof of (a) a dwelling together in the same place in the manner of husband and wife, and (b) a change in financial circumstances. The plaintiff here did meet his burden of establishing these elements. The defendant's allegedly ex parte communication had no bearing on plaintiff's failure to meet this burden.
Plaintiff's counsel stated in his brief that he did not believe the court was anything but impartial. Rather, he alleges that the letter created the appearance of impropriety. While impropriety is in the eye of the beholder, this court finds that the letter in question creates no such appearance. The court made a request, in open court and on the record, for defendant's counsel to send a copy of Taylor. Both sides were afforded an opportunity to argue the law. The sending of a photocopy of the case to the CT Page 3826 court, with a brief letter identifying it, creates no appearance of impropriety. If the plaintiff thought so, why did he wait until the decision was rendered?
Accordingly, the plaintiff's motion is denied.
KARAZIN, J.