## BUNNELL *vs.* BUTLER.

In an action of assumpsit, the defendant, under his plea of set-off, introduced, in evidence, the plaintiff's promissory note, given for several items of indebtedness, part of which had been paid. The plaintiff resisted a set-off of the unpaid balance, on the grounds, that such note was without consideration, and was obtained by duress. The defendant denied that said note was without consideration; and as to duress, claimed a subsequent ratification of the note. Held, that it was competent for the plaintiff to show, that such note was given without consideration, and, if it was so given, that it was immaterial, whether it was or was not procured by duress, or was or was not subsequently ratified.

Where, in such action, the court instructed the jury to find, whether anything was due upon the items of indebtedness, for which such note was given, and

to allow the defendant whatever was so due to him ; it was held, that such
    instruction was correct.
The court may, at its discretion, limit the number of impeaching witnesses,
    to be improved on the trial of a cause.
The proper exercise of such discretion is no ground of error..

THIS was an action upon a promissory note, tried before
the superior court, at Hartford, at the January term, 1854.

On the trial to the jury, the defendant, under his plea of
set-off, introduced in evidence, a promissory note, executed
by the plaintiff and two others, for the sum of $824.06, pay-
able to the defendant, upon which he claimed more was due
him, than he owed the plaintiff, and that he had a right to
recover the balance.

The set-off was resisted by the plaintiff, upon two grounds.
First, that the note was obtained by *duress,* and secondly,
that, as to the balance remaining unpaid, it was without
consideration.

The defendant claimed, that if the note had been obtained
by *duress,* it had subsequently been *confirmed* by the plaint-
iff, by the payment of a part of the same, and a tender of
another portion.          -

Upon the question, relating to the consideration of the
note, it was admitted by the parties, that it was given
for several different items of indebtedness, claimed by the
defendant to be due to him, all of which were admitted to
be correct, with the exception of two, being one-half of two
notes of $268 and $200, and in respect to these, the plaint-
iff denied, that he ever, on account of them, was indebted to
the plaintiff.    It was further admitted, that the plaintiff had
paid, and caused to be endorsed upon the note, an amount
equal to all the other items, embraced in the note.

The plaintiff thereupon claimed, that, whether the note
had been obtained by duress or not, or had or had not been
subsequently confirmed by him, it was, as to the balance re-
maining unpaid, without consideration, and furnished no
ground for a recovery against him.    And upon the question,

relating to the consideration of the note, much evidence was introduced by the parties, and the court submitted it to the jury, with instructions to find, whether anything was due from the plaintiff to the defendant, upon the items of indebtedness for which the note was given, and if anything, how much; and to allow the defendant, whatever sums they should find due to him.

. Upon the trial, Warren G. Bunnell was introduced as a witness, by the plaintiff, and testified in his behalf. The defendant called witnesses to impeach the general character of Bunnell, for truth. When the first impeaching witness was called, the court limited the number of such witnesses to six, upon each side. The defendant offered more, and claimed a right to examine them, but their testimony was not received.

The jury having returned their verdict in favor of the plaintiff, the defendant moved for a new trial, claiming that the judge on the circuit erred in his instructions to the jury, upon the subjects of duress and confirmation, and in limiting the number of impeaching witnesses; and the questions of law were reserved for the advice of this court. But, as the court, in its opinion, has not taken into consideration these instructions, the facts, in the case, upon which they were given, are now detailed.

*Welles* and *Pardee,* in support of the motion.

*Cornwall,* contra.

W<small>AITE</small>, J. Upon the trial of this case, in the court below, the only defence made, was a right to set off against the plaintiff's demand, a balance claimed to be due upon a certain promissory note.

This defence was resisted upon two grounds : in the first place, that the note was void by reason of *duress,* and secondly, that the balance upon it remaining unpaid, was

without consideration, and consequently, that there was no indebtedness upon it, from the plaintiff to the defendant.

The defendant denied that there had been any *duress*, or that there was any want of consideration, and claimed that, if the note had originally been executed under duress, it had been subsequently confirmed, by several acts of the defendant.

We deem it entirely unnecessary to go into an enquiry, respecting the claims of the parties, upon the matters of duress and confirmation, as we are satisfied that, aside from these considerations, the defendant is not entitled to a new trial.

It was admitted by the parties, that the only consideration for the note, was certain items of indebtedness, upon which, as the defendant claimed, the plaintiff was indebted to him. The plaintiff denied any indebtedness, upon two of them, amounting together, to a sum equal to the balance remaining unpaid upon the note.

Now it is evident, that, if this claim of the plaintiff was well founded, there was no indebtedness on his part, and nothing to set off against his demand, and it was perfectly immaterial, whether the note was originally procured by duress, or had subsequently been confirmed by the plaintiff.

It was competent for the plaintiff to show a want of consideration for the note, and if he succeeded in establishing that fact, then no recovery could be had against him, upon it. *Raymond* v. *Selleck*, 10 Conn. R., 482.

On the other hand, if the note were given for a preëxisting debt, that indebtedness would remain unaffected by the subsequent execution of the note, whether it was obtained by duress or not, or whether there had or had not been any confirmation of the note. And if the defendant, by reason of duress, were precluded from setting off the note, he was not precluded from setting off the original debt, if there were any, which entered into the consideration of the note. *Bill* v. *Porter, &c.,* 9 Conn. R., 23. *Fitch* v. *Bogue, &c.,* 19 Conn. R., 291.

Now the question, whether the plaintiff was indebted to the defendant, in the manner claimed by him, was distinctly submitted to the jury, and found in favor of the plaintiff, and 'no complaint is made, that the question was not properly made or fairly submitted. If that question has been correctly determined, then it is immaterial, whether the defendant attempted to set off the note or the original indebtedness. In neither case can his defence prevail.

2. In the next place, it is claimed that the court erred, in limiting the number of impeaching witnesses. This, however, was a matter within the discretion of the court. It would be absurd to hold, that, upon an enquiry of that sort, depending, in a great measure, upon the opinion of witnesses, a party has the right to examine as many as he pleases, and that the court and jury are bound to sit and hear them, without any power to interfere.

There must necessarily be a limit to such enquiries, and it is for the court to prescribe it. We are not, however, to be understood, as saying, that *in all cases*, the number of impeaching witnesses is to be the same, as that allowed in the present case. Ordinarily that number ought to be deemed sufficient to enable the triers to pass upon the credit of the principal witness. Much, however, will depend upon the circumstances of the case, and the importance of his testimony. If it should appear, that the case would probably turn upon the degree of credit to be given to it, a more extended enquiry, as to his character for truth, might properly be allowed.

On the other hand, if his testimony should be unimportant, having little or no effect upon the merits of the case, but little time ought to be consumed in such an enquiry.

Nor do we mean to say that, if it should be made to appear that, in consequence of such an order, a party has manifestly suffered by it, this court will not grant a new trial. But, in the present case, we discover nothing indicating that the discretion of the court was not fairly and properly exercised.

For these reasons, we do not advise a new trial.

In this opinion the other judges concurred, except Storrs, J., who tried the cause in the court below, and was disqualified.

New trial not to be granted.