ELIZA MARKHAM, Respondent, v. EMERY HERRICK, Appellant.

**Kansas City Court of Appeals, January 8, 1900.**

1. **Appellate and Trial Practice:** DISCRETION OF COURTS: LIMITING WITNESSES. It is within the discretion of the trial court to limit the number of witnesses on a particular point, and unless abused appellate courts will not interfere. Such discretion should be exercised with caution lest abuse and injury to the rights of litigants ensue.

2. **Marriage:** BREACH OF PROMISE: CHASTITY: BAR OR MITIGATION. In an action for breach of promise the character of the plaintiff is material matter, since all promises of this kind are founded upon the presumption of the chastity of the woman; and unchaste conduct, and consequently bad reputation, if not a bar, is proper matter in mitigation of damages.

3. **Evidence:** BREACH OF PROMISE: GENERAL REPUTATION: LIMITING WITNESSES. A rule limiting the number of witnesses on a given point should be announced before the trial that the parties may select their important witnesses; and in an action of breach of promise, limiting defendant to three witnesses on the general reputation of the plaintiff—two of whom are plaintiff's witnesses and testify on cross-examination—without announcing such ruling before the question is gone into, is not a sound exercise of the discretion of the trial court to limit the number of witnesses.

Appeal from the Cole Circuit Court.—*Hon. D. W. Shackleford*, Judge.

REVERSED AND REMANDED.

*F. M. Brown* and *Edwin Silver* for appellant.

(1) The trial court erred in excluding the testimony of the witness, Frank Henderson, offered by defendant to show that the general reputation of plaintiff for chastity and morality was bad. Evidence in mitigation of damages is admis-

sible under the general denial. Boggess v. Railway, 118 Mo. 328, 338; Gregory v. Chambers, 78 Mo. 294; Kniffin v. McConnell, 30 N. Y. 285; Beck v. Dowell, 40 Mo. App. 71. And evidence of bad character of plaintiff for chastity is admissible in breach of promise actions. Cole v. Holliday, 4 Mo. App. 94; Davis v. Slagle, 27 Mo. 600; Green v. Spencer, 3 Mo. 318; 2 Am. and Eng. Ency. of Law, p. 528. So plaintiff having already testified as a witness on her own behalf, the evidence was competent to impeach her credibility. State v. Cooper, 71 Mo. 436; State v. Raven, 115 Mo. 419; State v. Weeden, 133 Mo. 70. (2) Nor can the exclusion of the evidence be sustained on the ground stated by the trial judge that defendant "had exhausted the rule of the court limiting a party to three witnesses to establish any one fact." The mere oral remark of the court was not sufficient to establish the existence of the rule referred to. 1 Elliott's General Practice, sec. 186; Risher v. Thomas, 2 Mo. 99; State v. Bryant, 55 Mo. 75; State ex rel. v. Gideon, 119 Mo. 94; Purcell v. Railway, 50 Mo. 504; Ward v. Dick, 45 Conn. 235; Green v. Ins. Co., 134 Ill. 310; Underhill on Evid., sec. 381.

*Pope & Belch* for respondent.

(1) Courts have a right to make rules; have that inherent power. Risher v. Thomas, 2 Mo. 98; Brooks v. Boswell, 34 Mo. 474; State ex rel. v. Tolle, 71 Mo. 645; Gannon v. Fritz, 79 Pa. St. 303; Daily v. Green, 3 Harris (Pa.), 118; 4 Am. and Eng. Ency. of Law [1 Ed.], 450. (2) Evidence of specific acts not admissible. Seymour v. Farrell, 51 Mo. 95; State v. Rogers, 108 Mo. 202; State v. Beaty, 25 Mo. App. 214. (3) No defense, if defendant had knowledge of bad character, when contract was made. 2 Suth. on Dam., sec. 990; Snowman v. Wardwess, 32 Me. 275; Denslow v. Van Horn, 16 Ia. 476; State v. Thornton, 108 Mo. 640; 2 Sedg. on Dam., sec. 641; Sprague v. Craig, 51 Ill. 289; Lecky v.

Bloser, 24 Pa. St. 401; Field 'on Dam., sec. 94; Suthard v. Rexford, 6 Cow. 254; Hattin v. Chapman, 46 Conn. 607; Glasscock v. Shell, 57 Tex. 215.

GILL, J.—This is an action for breach of promise of marriage—the petition alleging mutual promises made in November, 1897, and at various times thereafter until March 9, 1898, when defendant married another party, thereby putting it out of his power to comply with his contract to marry the plaintiff. The alleged marriage contract was denied in the answer. On a trial by jury, plaintiff had a verdict and judgment for $500, and defendant appealed.

I.    One of the principal matters complained of relates to the action of the trial court in excluding certain witnesses offered by defendant to attack the character of the plaintiff for chastity and morality. The objection goes rather to an improper limitation on the number of witnesses allowed defendant to establish plaintiff's bad character. It seems that after the plaintiff had testified in relation to the contract of marriage had with the defendant, and other corroborating witnesses had been produced in plaintiff's favor, the defendant's counsel asked two of these witnesses, on cross-examination (after they were shown to be qualified to testify in relation thereto), as to the general reputation of plaintiff for chastity and morality, and they testified that it was bad. After, then, the plaintiff's evidence was all in, and defendant had testified, denying the alleged contract of marriage, etc., defendant's counsel introduced one witness, who testified that he had known plaintiff for several years and was acquainted with her general reputation for virtue and morality, and that it was bad. Counsel for defendant then proceeded to introduce further testimony attacking the character of the plaintiff, but the court, of its own motion, stopped the counsel and refused to permit any other witness to testify as to plaintiff's character—stating at the time, in effect, that to introduce

more than three witnesses to establish any one fact was contrary to the rules of the court. To this ruling, the defendant saved an exception. In rebuttal, plaintiff introduced witnesses whose testimony tended to prove that her reputation for chastity and morality was good.

Although the power seems to be denied by some of the authorities, it may yet be considered as the settled rule in the majority of jurisdictions that a trial court has a discretion to limit the number of witnesses on a particular point, and unless an abuse of that discretion appears the appellate courts will not interfere. It is however a matter of some delicacy, and the power should be exercised with caution. For if too freely indulged in, there is danger of great abuse and probable injury to the rights and interests of litigants. But in cases where there is no real dispute as to the fact concerning which the witnesses testify, and which may be developed during the trial, or in cases of expert testimony, or even beyond these when the introduction of a great number of witnesses tends mischievously and unnecessarily to protract the trial, the court may interfere and stop examinations which are merely cumulative in their nature. 1 Wharton on Ev., sec. 505 (3 Ed.); 2 Elliott's Genl. Prac., sec. 564; Underhill on Ev., sec. 381; Best on Ev., sec. 596; State v. Whitton, 68 Mo. 91; State v. Lamb, 141 Mo. 298; Ward v. Dick, 45 Conn. 235; Green v. Ins. Co., 134 Ill. 310; Bummell v. Butler, 23 Conn. 65; Gray v. St. John, 35 Ill. 222.

II.   But it seems to us that the court below harshly and arbitrarily exercised the power in this particular case. The character of the plaintiff was a material matter in this controversy. Even to concede that defendant proposed and plaintiff accepted an offer of marriage, yet if the plaintiff was at the time, and without the knowledge of the defendant, unchaste, then defendant had the right to decline marriage. "All promises of this kind are founded upon the presumption of chastity on the part of the woman." 3 Sutherland on Damages, sec.

989 (2 Ed.). But whether a bar to the action or not, the unchaste conduct of the plaintiff, and the consequent bad reputation therefor was proper matter in mitigation of damages. 3 Sutherland on Damages, *supra*; Cole v. Holliday, 4 Mo. App. 94. It is also well established that such bad character for morality was competent as tending to impeach plaintiff's credibility as a witness. State v. Raven, 115 Mo. 419; State v. Weeden, 133 Mo. 70.

III. The defendant, then, should have had a reasonable opportunity to prove his side of the case, and to establish by proof the alleged bad character of plaintiff. But this was not given him under the arbitrary ruling of the court. The defendant was allowed to introduce on his own account the one single impeaching witness. By cross-examination, it is true, defendant's counsel drew from two of plaintiff's witnesses the admission that plaintiff's general reputation was not good. But these can hardly be deemed witnesses of the defendant's choosing. Even, however, if so treated, yet in an issue of that character the court was not justified in stopping the defendant from introducing further witnesses—especially in view of the fact that plaintiff had introduced witnesses to sustain her alleged character. The record does not support the assertion of plaintiff's counsel, made at the oral argument, that the plaintiff's character for chastity was undisputed. On the other hand, it appears that the state of plaintiff's character in that respect was an issue sharply drawn, and the evidence relative thereto quite evenly balanced. It may be that if defendant had been allowed, he could have brought about a clear preponderance in his favor.

Again, it may be said here, as in Green v. Ins. Co., *supra*, "If the power of the trial court to limit the number of witnesses, as here exercised, existed, which can not be conceded, it should have been done at the beginning of the trial, so as to give each party an opportunity of selecting such witnesses as might be deemed most important. This would have the

merit, at least, of placing the parties on an equal footing. By the course pursued, the complainant was practically deprived of this privilege." There appears to have been no rule of court adopted and published in relation to the number of witnesses. The defendant then had no notice that he was to be so limited, and did not then have an opportunity to select his three witnesses; but, as already stated, defendant had but one witness, of his own choosing, in relation to the issue of plaintiff's character.

In our opinion then, the exclusion of the testimony offered was error prejudicial to defendant, and must work a reversal. The judgment will be reversed and cause remanded. All concur.