GEORGE H. HATHORN *vs.* GEORGE WHEELWRIGHT.

Penobscot.   Opinion December 12, 1904.

*Promissory Note.   Failure of Consideration.   R. S. 1903, c. 84, § 40.*

A promissory note given in consideration for the sale of an invention which is adjudged to be non-patentable, or for a patent which is void for want of novelty and utility, or from any other cause, is not enforceable by the original promisee.

For a long time a rule prevailed in this state to the effect that a partial failure of title constituted no defense to a suit on a note given for real estate. But this rule was abrogated by the legislature in 1897, R. S., c. 84, § 40, and it was never applicable, in this state, to a note given for other considerations. Upon the contrary, it is well settled that a partial failure of consideration may be shown in reduction of damages.

Whenever a promissory note is given for two or more independent considerations and there is a failure of consideration as to one, as where the title to one of the articles sold is not in the vendor at the time of the same, or where there is a breach of warranty or a misrepresentation as to quality, for the purpose of avoiding circuity of action, the law will allow the defendant, in an action between the original parties, or between others standing in no better position, to show such partial failure of consideration in reduction of damages.

In this case, one of the inventions sold by the plaintiff to the defendant, and for which the note was given in part, proved to be void because it was an infringement upon former patents; this fact is a defense pro tanto to the note.

On report.   Remanded to nisi prius for trial.

Assumpsit on a promissory note of $2957.   Defense failure of consideration.   At the hearing in the court below, the case was reported to the law court for determination upon so much of the evidence as is legally admissible.

The case sufficiently appears in the opinion.

*B. C. Additon* and *L. C. Stearns,* for plaintiff.

*A. J. Merrill* and *P. H. Gillin,* for defendant.

SITTING:  WISWELL, C. J., EMERY, SAVAGE, POWERS, PEABODY, SPEAR, JJ.

WISWELL, C. J.   Action upon a promissory note for $2957, by the payee against the maker.   This note was a partial renewal of a former one for $3000, in consideration of which the plaintiff, the payee of the note, sold to the defendant an interest in certain inventions and patent rights.   The instrument of sale was in part as follows:   "In consideration of three thousand dollars to me paid by George Wheelwright of Bangor I hereby sell and convey to said Wheelwright eight twentieths of all my patents and inventions in the Fancy Forging and ball business as now carried on by me."   The instrument contained certain other provisions which need not be here considered.

Among other inventions, either patented or to be patented, which were being used by the plaintiff in his business as described in this instrument at the time of this sale, and which were used subsequent to the sale by a corporation formed by the parties to carry on the same business, was an invention which, in appropriate proceedings in the United States Circuit Court for the District of Maine, was decided by that court to be an infringement upon certain patents belonging to the Simonds Rolling Machine Company, and the corporation formed by these parties, together with its officers, were enjoined by a decree of the Circuit Court from the further use of this invention, and were compelled to account for and pay over the profits previously received.

The fact of this adjudication was shown in evidence as a defense to the suit upon the promissory note given in part therefor.   It is well settled that a note given for the sale of an invention which is

adjudged to be non-patentable, or for a patent which is void for want
of novelty and utility, or from any other cause, is not enforceable.    6
A. & E. Encyl. of L., 2d Ed., 782, and cases cited.    This was early
decided in Massachusetts in the case of *Dickinson* v. *Hall*, 14 Pick.
217, and the same doctrine has been frequently reaffirmed in that
state.    *Lester* v. *Palmer*, 4 Allen, 145; *Nash* v. *Lull*, 102 Mass. 60;
*Harlow* v. *Putnam*, 124 Mass. 553; *Chemical Electric Light, etc., Co.*
v. *Howard*, 148 Mass. 352.    The same principle was recognized by
our court, although perhaps it was not necessarily involved in the
decision of the case, in *Jones* v. *Burnham*, 67 Maine, 93, in this state-
ment:    "It is well settled, that a note given in consideration of a
sale of a patent, or of an interest in the same, where the patent has
been adjudged void for want of novelty, cannot be enforced."    In
an earlier case in this state, *Elmer* v. *Pennell*, 40 Maine, 430, it was
held that evidence that a patent for which the note in suit was given
was void, because an infringement of a prior one is not admissible
until that fact has been determined by a circuit court of the United
States.    But the correctness of this decision to the effect that this
matter must first be adjudicated in a circuit court has been frequently
questioned in other jurisdictions, and was overruled by this court in
*Carleton* v. *Bird*, 94 Maine, 182.

We do not understand that the counsel for the plaintiff at all
questioned this doctrine, but their answer is, that, inasmuch as the
note was given for other patent rights and inventions, as well as for
other considerations, the defense set up is of a partial failure of con-
sideration only and cannot be shown in reduction of damages.    It is
true that for a long time a rule prevailed in this state to the effect
that a partial failure of title constituted no defense to a suit on a
note given for real estate.    This doctrine became so firmly estab-
lished and was reiterated in so many decisions of the court that the
legislature of this state in 1897 deemed it wise and expedient to
abrogate it by legislation which now appears in R. S., c. 84, § 40, as
follows:    "In any proceeding in law or in equity in which the
amount due on a promissory note given for the price of land con-
veyed, is in question, and a total failure of consideration would be a
defense, a partial failure of consideration may be shown in reduction

of damages." But this rule has never prevailed in this state with respect to a note given for any other consideration. Upon the contrary, we regard it as well settled that such partial failure of consideration can be shown in reduction of damages.

This was early decided in Massachusetts in the case of *Harrington* v. *Stratton*, 22 Pick. 510, wherein many authorities were examined in support of the two doctrines then existing in the different jurisdictions, and the more liberal one was adopted, that, in order to avoid circuity of action a defendant should be allowed to introduce in evidence a partial failure of consideration, rather than be compelled to resort to a cross action. And even before the decision of this case, Chief Justice Shaw, in the opinion of the court in *Parish* v. *Stone*, 14 Pick. 198, used this language: "It seems, therefore, very clear, that want of consideration, either total or partial, may always be shown by way of defense; and that it will bar the action, or reduce the damages, from the amount expressed in the bill, as it is found to be total or partial respectively."

This court, in *Herbert* v. *Ford*, 29 Maine, 546, citing *Harrington* v. *Stratton* and *Parish* v. *Stone*, decided that: "In an action upon a note between the original parties a partial failure of consideration, though the amount of it be unliquidated, may be proved by the defendant in mitigation of damage, and the jury, upon the evidence, may determine the amount of the failure." The rule is thus stated, and many cases cited in its support, including the Maine case above referred to, in 4 A. & E. Encyl. of L. 2d. Ed. 195: "Though some of the earlier cases denied the doctrine, there is now no question, in the light of recent decisions, that a partial failure of consideration is a defense pro tanto when such failure is liquidated in amount, or can be definitely ascertained by computation, and it has been expressly held that even though the amount of the failure be unliquidated, it may be shown."

The rule then is this, whenever a promissory note is given for two or more independent considerations and there is a failure of consideration as to one, as where the title to one of the articles sold is not in the vendor at the time of the sale, or where there is a breach of warranty or a misrepresentation as to quality, for the purpose of avoiding

circuity of action, the law will allow the defendant, in an action between the original parties, or between others standing in no better position, to show such partial failure of consideration in reduction of damages.

In this case, as we have seen, one of the inventions sold by the plaintiff to the defendant, and for which the note was given in part, proved to be void because it was an infringement upon former patents; this fact is a defense pro tanto to the note. Although the case was reported to the law court for its determination, we do not think that the evidence as to the extent of this partial failure, or as to the injury to the defendant by reason of the fact that this invention proved to be void for want of novelty, is sufficiently definite for us to pass upon that question, the trial of the case having apparently proceeded upon the theory that the result depended upon the question as to whether or not partial failure of consideration could be shown in partial defense of the action. We are therefore of the opinion that the case should be remanded to nisi prius for trial upon this question.

*So ordered.*