BENJAMIN H. DAVIS *v.* ANNA H. S. DAVIS.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued May 6—decided July 22, 1941.

*Charles R. Covert,* with whom was *Edward J. Quinlan, Jr.,* for the appellant (defendant).

*Clement A. Fuller,* with whom was *Frank E. Jamrozy,* for the appellee (plaintiff).

AVERY, J.  The plaintiff brought this action against his wife to recover upon a negotiable promissory note in the amount of $38,725, payable to his order, claiming that his wife executed the same June 16, 1936, and that he was the owner.  In an answer, the defendant, after denying that the plaintiff was the owner of a valid note or that she was indebted to him, set up a second, third and fourth separate defense.  The second defense alleged that the signature upon the instrument sued upon had been obtained by fraud in that she had been presented a blank note for signature which she had been induced to sign by his representation that it would be used in renewing a note then held by a bank; and in the third and fourth defenses she alleged that the instrument was without consideration and never delivered.  The case was tried to the court and judgment entered for the plaintiff to recover the amount of the note, with interest.  The defendant has appealed, claiming corrections and additions to the finding and annexing the evidence taken at the trial for that purpose; and claiming that with the corrections to which she is entitled the finding establishes that no adequate consideration was given for the note and that the plaintiff is not entitled to recover upon it because of a material alteration in the instrument.

The essential facts found by the trial court, with such corrections as the defendant is entitled to, are these:  The parties were married in 1929.  Following the marriage, the plaintiff went to live with the de-

fendant at her home. After 1930, the parties made occasional purchases of orchids which were kept in the house and greenhouse. From 1931 to 1933, the plaintiff continued the collection and propagation of orchids and the selling of orchids on commission. He bought a collection of plants and increased and developed his business, until in the year 1935 he resigned the position where he was employed to devote his time exclusively to the business of raising and selling orchids. From that time on the business increased so that the plaintiff found difficulty in supplying the demand. On June 16, 1936, the parties drove to New York to a flower store of William Kohn. On the way, they discussed the sale of the business. At Kohn's store, they discussed the matter further and the plaintiff took a blank note from his pocket and filled it out. It was drawn on a printed form, payable on demand after date to the order of the plaintiff for $38,725, payable at the First Stamford National Bank. The defendant then signed the note and it was then delivered to the plaintiff who has owned it ever since, and it has not been paid.

The defendant asks, among other things, for an addition to the finding to the effect that in filling in the note the plaintiff originally inserted the year of the date but that he has since obliterated the same so that it is impossible to tell the year of the date from the note itself. The note was introduced in evidence and in place of the last figure in the year of the date is a round hole entirely obliterating the last figure. From the evidence of the plaintiff, it appears that this mutilation occurred while the note was in his possession or control and after the signature of the defendant. From an examination of the note, it is not possible to determine whether its date was 1936 or any other year

from 1930 to 1939. The effect of the alteration was to obliterate the year of the date, except for the first three figures.

In the third defense, the defendant alleged that there was no consideration for the instrument sued upon. As between these parties the failure in whole or part of the consideration would be a good defense in whole or part to the action on the note. *Pulsifer* v. *Hotch-kiss,* 12 Conn. 234, 241; *Bunnell* v. *Butler,* 23 Conn. 65, 68; *Jacobs* v. *Street,* 95 Conn. 248, 250, 110 Atl. 843; *Ryan* v. *Katz,* 126 Conn. 555, 556, 12 Atl. (2d) 835. In its conclusions, the trial court stated that there was no failure of consideration in whole or part and the note was given upon a valid consideration. The defendant has assigned error in these conclusions on the ground that the facts set forth in the finding do not support them. The trial court did not expressly find that the consideration of the note was solely the sale of the orchids but that is implied in the finding and this portion of the finding is attacked in the reasons of appeal. The testimony with reference to the consideration of this note was that of the plaintiff himself and upon his own testimony the sale of the orchids was only a part of the consideration. Another part was the plaintiff's assumption of a note at the First Stamford National Bank. Another consideration was work the plaintiff had done about the place and the expenditure of his own money in its improvement. He also testified: "I was supposed to give her money from time to time. . . ." He said the note was given in consideration of the sale "and as a protection, . . . and large enough to cover everything in case that she had to do the things that she eventually has had to do. . . ." He really "never did expect to have to call the note. I accepted the note more or less to please

her. Mrs. Davis a number of times had discussed the note with me, and we could have had the thing settled even a short time ago, the note destroyed, and everything going along all right."

It thus appears that the consideration of the note was not solely the sale of the orchids. One thing that entered into it was services performed and expenditures made on the wife's property. But these were not rendered under such circumstances that they gave rise to an indebtedness by her to him; they were husband and wife and it does not appear there were any circumstances which would in such a case give him a right to be compensated for them. *Cotter* v. *Cotter*, 82 Conn. 331, 332, 73 Atl. 903; *Burke* v. *Burke*, 92 Conn. 306, 102 Atl. 590. There being no legal obligation on the part of the defendant to pay for these services and expenditures, nor indeed any moral one, they were not a valid consideration for the note. *Bunnell* v. *Butler*, 23 Conn. 65, 68; *Parish* v. *Stone*, 14 Pick. (Mass.) 198, 208; *Hathorn* v. *Wheelwright*, 99 Me. 351, 59 Atl. 517; 1 Daniel, Negotiable Instruments (7th Ed.) 275; 1 Williston, Contracts (Rev. Ed.) § 148. Another element in the consideration on the plaintiff's own testimony was money he "was supposed to give her" later, and that it was for his protection in case of later eventualities. There was no promise on his part to advance anything, and that he might possibly make payments to her in the future would afford no valid consideration for the note. 1 Page, Contracts, § 96. No expenditure was claimed subsequent to the giving of the note. It follows that the trial court's finding in effect that the note was given solely for the sale of the orchilds, aside from the assumption of the note at the Stamford bank for $725, and as the agreed price for such sale, cannot

stand. It appears that there was at least a partial failure of consideration and the value of the orchid business was not found. As the conclusion of the trial court is not supported by the subordinate facts, it is erroneous and the case must go back for a new trial.

The claim of alteration does not appear to have been clearly raised in the pleadings, except that in the amended answer the defendant denied that the plaintiff owned "any valid note of hers." The parties apparently treated this pleading as sufficient to raise the issue and we would be justified in following that theory. Where an alteration is not apparent upon the face of the note, it must be specially pleaded. 5 U. L. A. 777. Where, however, the alteration is apparent upon its face the instrument should not be admitted until explained. *Landt* v. *McCullough,* 206 Ill. 214, 220, 69 N. E. 107. Section 4442 of the General Statutes reads that an alteration in the date of a negotiable instrument is material, and by § 4441 the instrument is avoided as to parties not assenting to the alteration. The word alteration as used in these sections implies an intentional act, and an accidental obliteration is not an alteration. *Smith* v. *Barnes,* 51 Mont. 202, 211, 149 Pac. 963; *Hong Kong and Shanghai Bank* v. *Lo Lee Shi,* L. R. App. Cas. (1928) 181, 185; 3 C. J. S. 964. The defendant in its draft finding asked to have the court find that the plaintiff obliterated the date. The court did not so find nor did it find as a subordinate fact that the erasure of a part of the date was accidental, but it concluded that the mutilation of the note was not intentional and not an alteration. While stated as a conclusion this may be considered as a finding of fact based upon evidence and not upon subordinate facts found. Conn. App. Proc. 128, § 96; *Calkins* v. *Liggett Drug Co., Inc.,*

124 Conn. 14, 17, 197 Atl. 693. So considered, we cannot say that this finding is without support.

There is error and a new trial is ordered.

In this opinion the other judges concurred.