[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action for the dissolution of marriage. The plaintiff and the defendant intermarried on July 18, 1968 in Karachi, Pakistan. Both parties had resided continuously in Connecticut for at least twelve months next preceding the date of filing the complaint; the defendant continues as a resident here. The parties have three children issue of the marriage, all of whom have reached the age of majority. The marriage has broken down irretrievably.
The plaintiff is 48 years old and in apparent good health. He has a college degree and partially completed a master's program. A United States citizen, he is presently employed as a consultant by an Indonesian concern for the purpose of promoting trade ties between that country and South Africa. Most of his time is spent in one of those two countries. CT Page 8231
The plaintiff's employment is not of any fixed duration, and appears to be "at will". His present compensation, and that since 1994, is $36,000 per annum. This is both a gross and net sum as he pays no United States taxes as the result of his residency abroad. In addition, the plaintiff's employer pays for necessary business expenses, including travel and apparently lodging (there is no lodging or rental expense listed on plaintiff's financial affidavit).
The defendant asks the court to base its financial orders not on plaintiff's actual earnings, but upon a claimed higher earning capacity. It is true that the plaintiff did earn approximately $125,000 per year with a different employer from 1986 to 1989. However, the plaintiff had no regular employment and was essentially out of work between 1990 and 1994. Based upon the plaintiff's entire work history, the court does not believe this is an appropriate case to use an earning capacity analysis.
The defendant is 52 and in fairly good health. She has approximately 2 1/2 years of college education, having left college when she married the plaintiff. The defendant was a faithful homemaker and caregiver for the parties' children. She resumed work in 1992, and is presently a records and document clerk with a New York City law firm. She has a salary of $24,000 per year, and has medical and life insurance and a retirement fund through her employment. The defendant rates her opportunity for continued employment with this firm as good, although she probably cannot advance any farther to a better paying position.
The cause of the breakdown of this marriage rests with the plaintiff. He drank excessively and is an alcoholic, he gambled heavily, and he engaged in several extra marital affairs. As the result of this last vice, the plaintiff contracted herpes and the defendant refused intimacy with him.
The final matter this court addresses prior to its orders concerns an inheritance the defendant received from her late father in or prior to 1985 or 1986. The defendant received approximately $60,000. About $22,000 of this was used to pay both personal debts and expenses the plaintiff had incurred, as well as joint debts and expenses of the parties and their children. This occurred about the same time the inheritance was received, in 1985-1986. The plaintiff regarded the expenses as "family" in nature. The defendant also used certain credit cards whose obligations were paid by this part of the inheritance. At one CT Page 8232 point, the defendant prepared a running summary of the amount and use of the funds, wrote "I owe Anastasia Hussain" the indicated sum, and the plaintiff signed "5/13/87 (illegible) Hussain O.K." The defendant is now seeking repayment of this sum which she characterizes as a loan to the plaintiff.
As a general rule, the burden of proving the essential elements of a valid gift rests upon the party claiming the gift.Kukanskis v. Jasut, 169 Conn. 29, 35 (1975). An exception to this rule is that "a transfer from a wife to a husband is presumed to be a gift. That presumption, however, is one which rests upon common experience and inherent probability and is dissipated when the wife produces substantial evidence to the contrary."Trenchard v. Trenchard, 141 Conn. 627, 630 (1954).
This court does not believe that the defendant has produced "substantial evidence" sufficient to dissipate the presumption of a gift or other conveyance not requiring a repayment. At the time of the inheritance, the parties were married and living together; the plaintiff was working and his earnings went to the common support of his family; the debts paid by the inheritance included family obligations and expenses which the defendant participated in incurring; there was no formal instrument ever created evidencing a loan; and the defendant took no action to collect the money until the plaintiff brought this action to dissolve the marriage. While the court believes that the defendant wanted to keep track of the inheritance monies, the court does not believe there was any serious intention to collect them from the plaintiff. The plaintiff signed the accounting because the defendant wanted him to, and to keep peace in the family. See, generally, Marino v. Marino, 14 Conn. Sup. 152 (1946).
The court, having considered all of the statutory criteria in light of the evidence presented, enters the following orders:
(1) The marriage of the parties is dissolved on the grounds of an irretrievable breakdown.
(2) The defendant's maiden name is restored to Anastasia Christoforidis.
(3) The plaintiff is ordered to pay periodic alimony to the defendant in the sum of $15,000 per year, payable in equal monthly installments of $1,250, beginning November 1, 1996, until such time as either party's death or the defendant's remarriage or cohabitation, whichever first occurs. CT Page 8233
(4) The plaintiff is ordered to name the defendant as the beneficiary of any life insurance policy which may be available through his employment, in the sum of at least $100,000 for so long as he is obligated to pay alimony to the defendant.
(5) The plaintiff shall immediately transfer title to the 1995 Honda automobile to the defendant.
(6) Except as may be otherwise ordered herein, each party shall retain all of the assets, and shall be responsible for and shall indemnify the other against all liabilities listed on their respective financial affidavits.
(7) No counsel fees are awarded to either party.
(8) Counsel for the plaintiff shall prepare the judgment file. Dated at Stamford, Connecticut, this day 21 of October, 1996.
JOHN F. KAVANEWSKY, JR., JUDGE